

Jason Quinn #79284-053
Federal Correctional Institution Berlin
P.O. Box 9000
Berlin, N.H. 03570

United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, N.Y. 11201
Attention: Pro Se Office

VITALIANO, J.

POLLAK, M.J.

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAR 11 2022 ★

BROOKLYN OFFICE

CV 22-1350

COMPLAINT FOR INJUNCTIVE RELIEF

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. 552 and the Privacy Act of 1974 (Hereinafter "PA"), 5 U.S.C. 552a, for injunctive and other appropriate relief and seeking the search, disclosure and release of agency records improperly withheld from plaintiff by defendant Department of Justice ("DOJ") and its components Federal Bureau of Investigation ("FBI"), Executive Office of the United States Attorney ("EOUSA").

THE PARTIES

2. Plaintiff Elizabeth Quinn, on behalf of Jason Quinn, is a citizen of New York residing at 698 VanDuzer street, Staten Island, New York.

3. Plaintiff Jason Quinn is currently held at FCI Berlin, N.H.

4. Defendant FBI is an executive agency component of the DOJ. FBI is an agency within the meaning of 5 U.S.C. 552 (f).

5. Defendant FBI has possession, custody and control of the records plaintiff seeks.

6. Defendant EOUSA is an executive agency component of the DOJ. The EOUSA is an agency within the meaning 5 U.S.C. 552 (f).

7. The United States Attorney's Office ("USAO") of the Eastern District of New York ("EDNY") has possession, custody and control of the records plaintiff seeks.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this action including authority to enjoin an agency from refusing to search for agency records and to order production of any agency records improperly withheld from plaintiff under 5 U.S.C. 552 (a)(4)(B) and 28 U.S.C. 1331.

9. Venue is proper in this District pursuant to 5 U.S.C. (a)(4)(B) and 5 U.S.C. 552 a (g)(5).

~~12. The Plaintiff, Jason Quinn~~

## STATEMENT OF FACTS BACKGROUND

10. The Plaintiff, Jason Quinn, was a defendant in the U.S. District Court, EDNY in case title: United States v Booker et al., case number 1:11-cr-00425-ENV-9.

11. Assistant United States Attorneys ("AUSA's") for the EDNY, AUSA Kevin Trowel, AUSA Richard Tucker and AUSA Allon Lifshitz represented the United States in above mentioned case.

12. Lamar Goodwine ("Goodwine") was a government witness in above mentioned case. Goodwine is deceased and died in New York on April 21, 2021 after a battle with cancer.

13. The FBI lead the investigation in the above mentioned case. FBI Special Agent ("S.A.") Wayne Jacobs ("Jacobs") was the S.A. in charge of the FBI investigation. FBI S.A. Brandon Waller ("Waller") assisted the USAO/EDNY in the investigation. FBI S.A. Jacobs was present and took notes and recorded statements in numerous proffer sessions attended by AUSA Tucker, other AUSA's and government witness Goodwine. FBI S.A. Waller was present and took notes and recorded statements in trial preparation sessions attended by AUSA Trowel, other AUSA's and Goodwine.

14. Goodwine testified at plaintiff's trial, United States v Christian et al. (Jason Quinn), after numerous

witness preparation sessions with AUSA Trowel, S.A. Waller, and other FBI agents and AUSA's.

15. On Tuesday October 15, 2014, Goodwine testified in open court at plaintiff's trial, thus publicly confirming Goodwine's status as an informant.

16. The permanent record of this testimony can be accessed via PACER under U.S. District Court, EDNY in case title: United States v Booker et al., document #377. Goodwine's testimony is in the trial transcript pages 1101-1152.

17. The public record of Goodwine's testimony can be independently autheticated at PACER or through court reporter Lisa Schwan, RPR, CRR, RMR.

18. Plaintiff Elizabeth Quinn has power of attorney for plaintiff Jason Quinn

19. Elizabeth Quinn retained the services of a private investigator licensed to do business in New York by the name of James B. Dowd. James B. Dowd is president and CEO of Investigative Alliance Group, license number: 11000082300.

20. Services were retained as of May 18, 2021, to investigate and confirm the death of the decedent Goodwine.

21. James B. Dowd confirmed to Elizabeth Quinn via email that on September 21, 2021, he personally visited the Funeraria Juan-John Funeral Home located at 509 Liberty Ave., Brooklyn, N.Y., telephone: 718-827-1515. James B. Dowd spoke to the funeral director, John A. Nieman ("Nieman") regarding the possibility of Goodwine's funeral being serviced at his funeral home. Nieman called James B. Dowd a week or so later and confirmed that Goodwine died on April 21, 2021. Nieman confirmed visitation was held at the funeral home on Sunday, April 25, 2021 from 11:00 AM-2:00 pm. Funeral services were conducted on the same day from 1pm to 2pm, and cremation took place later the same day.

PLAINTIFF's FBI FOIA REQUEST

22. Plaintiff sent a FOIA request to the FBI through the FBI online portal requesting any writing prepared by a Special Agent in connection with Goodwine's trial testimony for United States v Booker et al., including but not limited to, S.A. Waller and S.A. Jacobs, both from FBI New York field office, relating to Goodwine. Plaintiff requested from the FBI all notes of interview memoranda, emails, letters, reports, hand written notes prepared by a FBI special agent, including but not limited to, S.A. Waller and S.A. Jacobs during interviews of Goodwine relating to the testimony at trial in U.S. District Court, EDNY, United States v Christian et al. (Jason Quinn) 11-cr-00425-ENV-9. Plaintiff included with the FOIA request, proof of Goodwine's death with attached affidavit which included the statement of funeral director Nieman.

23. In a reply email sent to plaintiff dated November 29, 2021, the FBI acknowledged receipt of plaintiff's FOIA request described in paragraph 22. The FBI would not either confirm or deny the existence of such records pursuant to FOIA exemptions (b)(6) and (b)(6)(7)(c), 5 U.S.C. 552 (b)(6) and (b)(7)(c). The reason the FBI gave for the response, was that the plaintiff was requesting records of a third party. As a result, the plaintiff's request was closed. The FBI reply to the FOIA request did not address the third party's (Goodwine's) proof of death that was submitted with the request. The FBI assigned to the FOIA request tracking number: 1511024000.

24. On December 17, 2021, the plaintiff sent an electronic message to DOJ's Office of Information Policy ("OIP") appealing the refusal of the FBI to conduct a search for documents responsive to

FOIA request number: 1511024000.

25. In a message sent to plaintiff dated December 17, 2021, OIP acknowledged receipt of plaintiff's appeal and assigned it with tracking number: A-2022-00485 and request number 1511024000 DRC-MBS.

26. Denial of the appeal was confirmed on Feb. 16, 2022.

27. Where an individual makes a request that includes a reasonable description of the records sought, an agency must conduct a reasonable search for ~~available~~ responsive records using methods that can be expected to produce any available requested information. 5 U.S.C. 552(a)(3)(A)(C)

28. As a prerequisite to invoking FOIA exemptions 6 and 7(C), the FBI is required to make efforts to ascertain an individuals life status. Request 1511024000 included proof of Goodwine's death.

29. Plaintiff has exhausted the applicable administrative remedies with respect to its FOIA request to the FBI.

30. The FBI has wrongly withheld the requested records from plaintiff.

PLAINTIFF'S EOUSA FOIA REQUEST

31. Plaintiff sent a FOIA request to the EOUSA via the EOUSA online portal requesting records related specifically to Goodwine's testimony at plaintiff's 2014 trial. Plaintiff requested any writing prepared by a government lawyer, including but not limited to, AUSA Kevin Trowel, AUSA Richard Tucker, and AUSA Allon Lifshitz, at the USAO/EDNY, relating specifically to the subject matter of the testimony of government witness Goodwine. Plaintiff included proof of Goodwine's death. Plaintiff also requested information about himself, first party records, regarding a discovery letter written to AUSA's,

Kevin Trowel, Richard Tucker and Allan Lifshitz from plaintiff's attorney Sean S. Maher via email on January 20, 2016. The other first party record requested was for two plea offers made from the USAO/EDNY to plaintiff on Feb. 7, 2014 and May 2014. Plaintiff included certification of identity (form DOJ 361) with the request.

32. In a message sent to plaintiff dated Nov. 18, 2021, the EOUSA acknowledged receipt of plaintiff's request described in paragraph 31. The EOUSA denied the plaintiff's request without conducting a search for any documents. The exemption claimed was an unwarranted invasion of privacy for third party records as the EOUSA claimed exemptions 6 and 7(C). The EOUSA ignored plaintiff's request for his own first party records. The EOUSA assigned the request number: EOUSA 2022-00517.

33. On Dec. 1, 2021, Plaintiff submitted a message to the DOJ's Office of Information Policy ("OIP") appealing the refusal of the EOUSA to search for documents responsive to request number: EOUSA 2022-00517. No response has been received to date.

34. Plaintiff has exhausted the applicable administrative remedies with respect to its FOIA request to the EOUSA.

35. The EOUSA has wrongfully withheld the requested records from plaintiff.

## COUNT 1: VIOLATION OF FOIA/PA

36. This count re-alleges and incorporates by reference all proceeding paragraphs.

37. Defendant FBI has violated FOIA and PA by improperly refusing to conduct a search and improperly withholding records responsive to plaintiff's FOIA/PA request (FBI tracking number 1511020000; OIP

appeal number : A-2022-00485).

38. Defendant EOUSA has violated FOIA and PA by improperly refusing to conduct a search and improperly withholding records responsive to plaintiff's FOIA/PA request (EOUSA tracking number: EOUSA-2022-000517; OIP Appeal number: Never responded).

PRAYER FOR RELIEF

39. Plaintiff request that this court:

A. Declare Defendants failure to comply with FOIA and PA to be unlawful;

B. Enjoin Defendants from continuing to withhold records responsive to plaintiff's FOIA/PA request and otherwise order defendants to produce requested records without further delay;

C. Expedite this action in every way pursuant to 28 U.S.C. 1657(a);

D. Award plaintiff its cost incurred in this action; and

E. Grant all other relief the court may deem just and proper.

I declare under penalty of perjury that on 3/8/22 I delivered this complaint to prison authorities at FCI Berlin to be mailed to the United States District Court for the Eastern District of New York.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: 3/8/22

Jason Quinn

Jason Quinn #79284-053

FCI Berlin
P.O. Box 9000
Berlin, N.H. 03570

Jason Quinn #79284-053
Federal Correctional Institution Berlin
P.O. Box 9000

AF
BZ

Berlin, N.H. 03570



U.S. POSTAGE PAID
FCM LG ENV
BERLIN, NH
03570
MAR 09, 22
AMOUNT
$0.00
R2305K132888-03

UNITED STATES
POSTAL SERVICE®

1000        11201




0001 7937 7928

United States District Court
Eastern District of New York
225 Cadman Plaza East

Brooklyn, New York 11201
Attention: Pro Se Office

