

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

AL/KMT
F. # 2011R00313

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

July 19, 2022

By E-mail and ECF

The Honorable Eric N. Vitaliano
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: United States v. Jason Quinn
Criminal Docket No. 11-425 (ENV)

Quinn v. Federal Bureau of Investigation (FBI), et al.
Civil Docket No. 22-1350 (ENV)

Dear Judge Vitaliano:

The government writes with respect to both of the above-cited cases.

First, the government respectfully requests a 60-day extension, to September 27, 2022, within which to file a response to Jason Quinn's pending § 2255 motion in 11-CR-425 (ENV). Quinn's motion now consists of four filings, totaling more than 100 pages (CM/ECF Dkt. Nos. ("DE") 690, 693, 700, 703). Further, the government has requested that the Court appoint Quinn's former counsel, Sean Maher, Esq., to represent Quinn for the limited purposes set forth in the government's letter (DE 708). The government respectfully submits that, in the event the Court grants the government's request to appoint Mr. Maher, the additional time will allow the parties to engage in discussions about Quinn's § 2255 motion; in the event the Court denies the government's request, the adjournment will permit the government adequate time within which to respond to Quinn's lengthy motion.

In addition, the undersigned learned yesterday that Quinn recently filed a related civil complaint in 22-CV-1350 (ENV). Quinn's civil complaint challenges the denial of requests made under the Freedom of Information Act, 5 U.S.C. § 552 (FOIA), to the Federal Bureau of Investigation (FBI) and the Executive Office for United States Attorneys (EOUSA). Quinn's FOIA requests sought (1) any writing prepared by any FBI agent or AUSA concerning the testimony of Lamar Goodwine (see 22-CV-1350 (ENV) (DE 1 at 4, 5)); (2) a discovery letter sent by Quinn's former counsel, Mr. Maher, to the undersigned on January 20, 2016 (id. at 5-6); and (3) copies of the plea offers the government extended to

Quinn in February 2014 and April 2014 (id.). Putting aside the merits of the FOIA matter, the government has determined that it has no objection to the production of these materials to Quinn in connection with the § 2255 motion — indeed, the government anticipates appending the plea agreements and related correspondence to its response to Quinn's § 2255 motion.

Accordingly, the undersigned will arrange to produce promptly the requested materials to Quinn's family members, who have appeared in 22-CV-1350.[1] The government respectfully submits that its production of these materials will moot Quinn's request for relief in 22-CV-1350, including Chief Magistrate Judge Pollak's July 14, 2022 order, directing the government to search for certain information on or before August 11, 2022.

Respectfully submitted,

BREON PEACE
United States Attorney

By: /s/
Kevin Trowel
Allon Lifshitz
Assistant U.S. Attorneys
(718) 254-7000

---

[1] For the avoidance of doubt, with respect to writings concerning Goodwine's trial testimony, the government will produce the information it produced to Quinn's trial counsel as § 3500 material, i.e., 3500-LG-1 to 3500-LG-36. Quinn's request in case number 22-CV-1350 for materials related to Goodwine's testimony appears directed at Quinn's baseless assertion, made to this Court and to the Second Circuit, that the government withheld notes of meetings with Goodwine in which Goodwine provided inculpatory information about Quinn. As the government has repeatedly made clear, it did not withhold from Quinn any notes, reports or any other writings related to Goodwine's testimony. See 11-CR-425 (ENV) (DE 616 (responding to argument, made in motion for bond pending appeal, that the government improperly withheld inculpatory information provided by Goodwine) (filed under seal); 18-3610 (2d Cir.) (DE 26 at 16-21 (same, in appeal from denial of appeal) (filed under seal)); 16-2970 (2d Cir.) (DE 329 at 105-14 (same, on direct appeal) (filed under seal)).